United States District Court
Southern District of Texas
**ENTERED**
June 26, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT        SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Richard Vincent Letizia,<br>    Petitioner,<br><br>v.<br><br>Lorie Davis,<br>Director, Texas Department<br>of Criminal Justice, Correctional<br>Institutions Division,<br>    Respondent. | Civil Action H-19-2834 |

# Memorandum and Recommendation

Vincent Letizia has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging a conviction and related extradition entered against him in the State of Florida. (D.E. 1, 15.) Respondent moved to dismiss his petition. (D.E. 16.) The court recommends that Respondent's motion be granted, and Letizia's petition be dismissed with prejudice as moot pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

Letizia filed his petition while he was in custody of the Harris County Jail. (D.E. 1.) The Court previously listed Lorie Davis as the respondent in her role as Director of the Texas Department of Criminal Justice— Correctional Institutions Division. She has filed a motion to dismiss, noting that she is not the proper respondent for purposes of Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts. (D.E. 16.) Because the petitioner was in custody of the State of Texas in the Harris County Jail when he filed the petition, the court recommends that Respondent's motion be granted. The court construes the Harris County District Attorney's Office as the proper respondent for further proceedings in this case.

In his petition, Letizia challenges the validity of the governor's warrant issued by the State of Texas pursuant to the Florida extradition order, arguing that the documentation is "invalid" and that he is not the person identified in those documents (D.E. 1, 15). Letizia previously filed a challenge in Texas state court, objecting to his arrest and detention by Harris County pursuant to the Florida extradition order, but his efforts were of no avail. *See Ex parte Letizia*, No. 01-16-00808-CR, 2019 WL 610719 (Tex. App.—Houston [1st Dist.] Feb. 2019, pet. ref'd). As a result, Letizia has been extradited and he is now in custody at a prison facility located in Florida. (D.E. 7, 11.)

A case becomes moot and no longer presents an actual case or controversy for purposes of subject matter jurisdiction under Article III of the United States Constitution "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Already, LLC v Nike, Inc.*, 568 U.S. 85, 91 (2013) (citation and internal quotation marks omitted). The Fifth Circuit has recognized that "[o]nce a fugitive has been brought within custody of the demanding state, legality of extradition is no longer proper subject of any legal attack by him." *Siegel v. Edwards*, 566 F.2d 958, 960 (5th Cir. 1978) (per curiam) (citation omitted).

Letizia has been extradited and brought within custody of Florida. (D.E. 7, 11.) His petition is now moot. *See Siegel*, 566 F.2d at 960; *see also Edwards v. Bowles*, 109 F. App'x 704, at *1 (5th Cir. 2004) (per curiam) (dismissing an appeal in a habeas proceeding because once the petitioner was extradited there was no relief the court could grant).

**For the reasons stated above, the court recommends that Respondent's motion to dismiss (D.E. 16) be granted, and Letizia's petition for writ of habeas corpus (D.E. 1) be denied with prejudice as moot. Because reasonable jurists would not find the court's assessment of Letizia's claims debatable or wrong, the court**

recommends that a certificate of appealability not be issued. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The parties have fourteen days from service of this memorandum and recommendation to file written objections. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on June  26 , 2020.

*Peter Bray*
Peter Bray
United States Magistrate Judge